[Cite as *Suchernick v. Ashtabula Area City Schools*, 2026-Ohio-2884.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MICHAEL SUCHERNICK | Case No. 2026-00549PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>RECOMMENDATION FOR DISMISSAL</u> |
| ASHTABULA AREA CITY SCHOOLS | |
| Respondent | |

{¶1} This matter is before me following a R.C. 2743.75(D)(2) examination of the complaint. Based on that examination, I recommend that this case be dismissed.

### I.    Background

{¶2} On June 2, 2026, Requester filed his public-records complaint. In that complaint, Requester alleges that Respondent Ashtabula Area City Schools has not responded to his public-records request. *Complaint, filed Jun. 2, 2026*, p. 1.

{¶3} Requester attached a copy of the public-records request at issue. *Id*., p. 3-14. The request was emailed to the Schools on May 10, 2026. *Id*. The request appears to reference prior public-records requests, stating that "[t]his request is intended to refine, clarify, and supplement prior public records requests submitted to the District [and] is made in a good faith effort to provide specificity and facilitate efficient identification and production of responsive records." *Id*., p. 3. The request goes on, however, to state, "This request does not supersede, limit, or withdraw any prior requests, and all prior requests remain pending to the extent they have not been fully satisfied." *Id*.

{¶4} The request lists 16 "sections" of requested records. *Compl.*, p. 3-14. Each of the 16 sections contains anywhere from eight to approximately 45 subsections. *Id*. Each subsection appears to contain a discrete request for records. The request is also clear that "[a]s each section is numbered and each item labeled in relation to that number, all

number labeled items in this request are intended to be addressed in the District's response." *Id.*, p. 4.

## II.    Analysis

{¶5} Requester filed his complaint pursuant to R.C. 2743.45. This court's public records process is intended to create an economical and expeditious procedure for resolving public-records disputes. R.C. 2743.75(A). To that end, this special statutory process is constructed to immediately move cases to mediation. R.C. 2743.75(E)(1); *Viola v. Cuyahoga Cty. Pros. Office*, 2021-Ohio-421, ¶ 15 (8th Dist.). If the dispute is not resolved through mediation, the court resolves the case based on a streamlined briefing and motions schedule. R.C. 2743.75(E)(2). No discovery is permitted. R.C. 2743.75(E)(3). No motions, other than those explicitly permitted by the assigned special master, are permitted. R.C. 2743.75(E)(2). The statute sets compressed time schedules for the parties, the special master, and the court. R.C. 2743.75(F).

{¶6} Revised Code 2743.75(D)(2) authorizes the special master to recommend dismissal of public records complaints in appropriate cases. This is such a case. Requester presents, conservatively, over 85 public-records requests in his complaint. Based on the breadth of the case alone, Requester's complaint is not appropriate for resolution in this special statutory process. Allowing time for mediation of all requests and for development of all the fact issues necessary to resolution of this case would exceed the scope of this court's "expeditious and economical" public-records process. R.C. 2743.75(A); *see also Grant v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1619, ¶ 6 (Ct. of Cl.).

{¶7} Moreover, many of the public-records requests appear to be overbroad on their face. As just one example, the "Section 2" request asks for:

2.1 Records reflecting communications between District administrators and legal counsel that direct or guide actions taken, including:

2.1.1 Investigation Procedures

2.1 .2 Disciplinary Decisions

2.1.3 Communications Issued

2.1.4 Employment-related Decisions

{¶8} As well as Records reflecting:

2.2 Instructions, summaries, or recommendations received from counsel

2.3 Actions taken in reliance on such guidance

2.4 Actions taken in disregard for such guidance

*Compl.*, p. 4. This request contains no limitations on timeframe, subject matter, or officials with knowledge of the subject matter. *State ex rel. Morgan v. New Lexington,* 2006-Ohio-6365, ¶ 8, 10, 12, 31-37; *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶ 2, 25-26; *State ex rel. Cleveland Assn. of Rescue Employees v. City of Cleveland*, 2022-Ohio-3043, ¶ 2, 13 (8th Dist.). This court has dismissed public-records complaints on this basis. *See Cass v. Mercer Cty. Sheriff's Office*, 2025-Ohio-478, adopted 2025-Ohio-477 (Ct. of Cl.).

**III.    Conclusion.**

{¶9} Based on the foregoing, I recommend that the court:

1)      Dismiss this case pursuant to R.C. 2743.75(D)(2) without prejudice.

2)      Assess costs against requester.

_____
SARAH PIERCE
Special Master

**Filed June 23, 2026**
**Sent to S.C. Reporter 7/27/26**